LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
ONE-GO-EVENTS BENELUX BV

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ONE-GO-EVENTS BENELUX BV,

                      Plaintiff,

- against -

JAM EXHIBITIONS, LLC,

                      Defendant.
------------------------------------------------------------X

JUDGE LEISURE
ECF CASE

07 CIV 8185

## COMPLAINT AND JURY DEMAND

ONE-GO-EVENTS BENELUX BV ("ONE-GO-EVENTS"), by its attorneys, Lyons & Flood, LLP, as and for its Complaint and Jury Demand against defendant, JAM EXHIBITIONS, LLC ("JAM"), alleges upon information and belief as follows:

1. Plaintiff ONE-GO-EVENTS is a foreign corporation organized and existing under the laws of The Netherlands, having its principal place of business at Singel 92, 3112 GS Schiedam, The Netherlands.

2. Upon information and belief, JAM is a limited liability company organized under the laws of the State of Delaware, having a place of business at 207 West Goethe Street, Chicago, Illinois 60610. Upon further information and belief, JAM is a foreign corporation registered to conduct business in the State of New York.

3. This Court has subject matter jurisdiction under 28 USC § 1332 in that diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive

of interest and costs.

4. JAM, through a joint venture with Premier Exhibitions, Inc. ("Premier") and Concert Production International ("CPI"), was engaged in presenting and promoting touring exhibitions of preserved human anatomical bodies (the "Bodies Exhibit") throughout the world.

5. On or about March 2007, JAM entered into a Co-Promoter Agreement ("Agreement") with ONE-GO-EVENTS, an experienced event promotion company to promote and present the Bodies Exhibit in Saint Petersburg, Russia (the "Saint Petersburg Exhibit").

6. Under the terms of the Agreement, the Saint Petersburg Exhibit was to open on May 26, 2007, and run until October 24, 2007.

7. JAM, under its agreement with Premier, was required to pay a $500,000.00 license fee to Premier in order to present the Saint Petersburg Exhibit.

8. Under the Agreement, ONE-GO-EVENTS was required to make a one-time payment of $100,000.00 to JAM, representing one-fifth (1/5) of the license fee JAM owed to Premier.

9. Further, under the terms of the Agreement, ONE-GO-EVENTS was required, among other things, to make all local arrangements (including obtaining any required rights, permits and licenses) for the presentation of the Saint Petersburg Exhibit, arrange for the installation requirements for the Saint Petersburg Exhibit to be completed, promote and advertise the Saint Petersburg Exhibit, and run the day to day operations for the Saint Petersburg Exhibit.

10. Further, under the terms of the Agreement, ONE-GO-EVENTS was to be

responsible for one fifth (1/5) of all the startup expenses and operating costs for the Saint Petersburg Exhibit.

11.   Under its agreement with Premier, JAM was entitled to fifty (50%) percent of the net profits up to and including an amount equal to the aggregate of all local costs plus the $500,00.00 license fee owed to Premier by JAM. Thereafter, JAM was to be entitled to thirty percent (30%) of all additional net profits.

12.   In exchange for the services provided by ONE-GO-EVENTS under the Agreement, JAM agreed to pay ONE-GO-EVENTS one-fifth (1/5) of the net profits realized by JAM.

## COUNT I (BREACH OF CONTRACT)

13.   Plaintiff ONE-GO-EVENTS repeats each and every allegation contained in paragraphs 1 through 12 of the Complaint as if set forth at length herein.

14.   Premier and JAM had originally decided to provide ONE-GO-EVENTS with the Bodies Exhibit that was being shown in Amsterdam, The Netherlands. However, a decision was made to create a new Bodies Exhibit to be used for the Saint Petersburg Exhibit.

15.   Premier purchased new bodies, prepared the new Bodies Exhibit and shipped them to Saint Petersburg. However, due to delays in preparing the Bodies Exhibit and in clearing customs, the Saint Petersburg Exhibit could not open at the time provided for in the Agreement.

16.   On or about April 12, 2007, JAM informed ONE-GO-EVENTS that the Saint Petersburg Exhibit would not be opening at the appointed time under the Agreement and that JAM would not be providing the Bodies Exhibit to ONE-GO-

EVENTS as agreed.

17. JAM failure to perform its responsibilities under the Agreement constituted a material breach of the Agreement.

18. As a direct and proximate result of defendant's material breach of contract, plaintiff ONE-GO-EVENTS suffered and will continue to suffer pecuniary losses and damages.

19. ONE-GO-EVENTS performed all of its obligations under the Agreement.

20. In performance of its obligations under the Agreement, ONE-GO-EVENTS incurred out of pocket costs and expenses of approximately $600,000.00.

21. Plaintiff ONE-GO-EVENTS is entitled to recovery from JAM of the $600,000.00 plaintiff expended in performance of the Agreement.

22. But for JAM's material breach of the Agreement, plaintiff ONE-GO-EVENTS would have earned, in addition, approximately $300,000.00 in profits.

23. Plaintiff ONE-GO-EVENTS is entitled to recovery from JAM of the profits plaintiff would have earned but for JAM's material breach of the Agreement.

24. Although duly demanded, defendant has failed to pay plaintiff the amounts due and owing under the Agreement

### COUNT II (UNJUST ENRICHMENT)

25. Plaintiff ONE-GO-EVENTS repeats each and every allegation contained in paragraphs 1 through 24 of the Complaint as if set forth at length herein.

26. JAM's knowing acceptance of the goods and services and/or allocation of resources and personnel provided by ONE-GO-EVENTS and thereafter failing to perform under the Agreement and refusing to pay plaintiff ONE-GO-EVENTS the sums

due and owing plaintiff under the Agreement resulted in an unjust enrichment in favor of JAM, which was inequitable and to ONE-GO-EVENTS' detriment.

WHEREFORE, plaintiff ONE-GO-EVENTS respectfully prays:

a.    that judgment be entered in favor of plaintiff against defendant for the relief sought in COUNT I of the Complaint;

b.    that judgment be entered in favor of plaintiff and against defendant for the relief sought in COUNT II of the Complaint;

c.    that judgment be entered in favor of plaintiff and against defendant for costs and attorneys' fees incurred in connection with the subject matter of the Complaint; and

d.    judgment be entered in favor of plaintiff and against defendant for such other and further relief the Court may deem equitable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff ONE-GO-EVENTS hereby demands a trial by jury as to all triable issues.

Dated: September 19, 2007

                                LYONS & FLOOD, LLP
                                Attorneys for Plaintiff
                                ONE-GO-EVENTS BENELUX BV

By: _/s/ Kirk M. Lyons_
Kirk M. Lyons (KL-1568)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\kmhldocs\2641002\Pleadings\Complaint.doc