UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                                    :
ONE-GO-EVENTS BENELUX BV,                                           :   Index No. 07-CV-8185 (PKL)
                                                                    :
                        Plaintiff,                                  :   ECF Case
                                                                    :
        - against -                                                 :
                                                                    :
JAM EXHIBITIONS, LLC,                                               :
                                                                    :
                        Defendant.                                  :
                                                                    :
------------------------------------------------------------------- x

JAM EXHIBITIONS, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO
ONE-GO-EVENTS BENELUX BV'S CROSS-MOTION TO AMEND ITS COMPLAINT

<div style="margin-left:40%">

DLA PIPER US LLP
Megan Shea Harwick
1251 Avenue of the Americas
New York, New York  10020
(212) 335-4500

- and -

William A. Rudnick
203 North LaSalle Street
Suite 1900
Chicago, IL  60601
(312) 368-4000

Attorneys for Jam Exhibitions, LLC

</div>

Dated:  January 3, 2008

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

    ONE-GO'S CROSS-MOTION TO AMEND SHOULD BE
    DENIED BECAUSE IT IS FUTILE ...................................................................................2

        A.    The Southern District Of New York Is Not The Proper
            Venue For One-Go's Draft Agreement Claims .................................................2

        B.    One-Go's Settlement Agreement Claim Fails To State A
            Cause of Action..................................................................................................3

CONCLUSION................................................................................................................................6

## TABLES OF AUTHORITIES

**Cases**             Page

Amaker v. Haponik,
  198 F.R.D. 386 (S.D.N.Y. 2000) ............................................................................... 3

Health-Chem Corp. v. Baker,
  915 F.2d 805 (2d Cir. 1990) ..................................................................................... 2

Lucente v. IBM,
  310 F.3d 243 (2d Cir. 2002) ..................................................................................... 2

Madison v. Alves,
  No. 05 Civ. 6018, 2006 WL 897816 (W.D.N.Y. Mar. 27, 2006) ............................ 3

Mercury West A.G., Inc. v. R.J. Reynolds Tobacco Co.,
  No. 03 Civ. 5262, 2004 WL 421793 (S.D.N.Y. Mar. 5, 2004) ................................ 3

Paterson, Zochonis (U.K.) Ltd. v. Compania United Arrows, S.A.,
  493 F. Supp. 626 (S.D.N.Y. 1980) ........................................................................... 3

Sobek v. Quattrochi,
  No. 03 Civ. 10219, 2004 WL 2809989 (S.D.N.Y. Dec. 8, 2004) ............................ 5

Zaro Licensing, Inc. v. Cinmar, inc.,
  779 F. Supp. 276 (S.D.N.Y. 1991) ........................................................................... 4

**Other Authorities**

28 U.S.C. § 1391(a) ........................................................................................................ 5

Defendant Jam Exhibitions, LLC ("Jam"), by its attorneys, respectfully submits this memorandum of law in opposition to Plaintiff One-Go-Events Benelux BV's ("One-Go") cross-motion pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to amend its complaint.

## PRELIMINARY STATEMENT

One-Go commenced an action in this Court against Jam alleging that Jam breached a purported agreement it entered into with One-Go concerning a certain Bodies Exhibit that was to occur in Saint Petersburg, Russia (the "Draft Agreement Claims"). Jam moved to dismiss One-Go's Draft Agreement Claims based on myriad of deficiencies, including that venue is improper here because the supposed agreement that One-Go sought to enforce (the "Draft Agreement") contained a forum selection clause directing that all claims arising out of that agreement be resolved exclusively in the Hague, Netherlands.

In its combined opposition and cross-motion for leave to amend its complaint, One-Go does not dispute that venue is improper here and, in fact, it concedes that it "consented" to the forum selection clause in the Draft Agreement. Desperate to maintain some claim against Jam, however, One-Go now seeks to amend its complaint to allege additional facts in support of its Draft Agreement Claims and to add a new claim for breach of a purported settlement agreement that it allegedly entered into with Jam (the "Settlement Agreement Claim").

One-Go's motion to amend should be denied as futile. While One-Go proffers additional allegations to support its Draft Agreement Claims, all the allegations in the world cannot cure the fact that if there is indeed an agreement, then the parties agreed that the Hague, Netherlands would be the exclusive forum for those claims. One-Go's Settlement Agreement Claim is equally unsustainable because One-Go fails to plead any of the material terms of the agreement and, in fact, the documentation submitted by One-Go makes plain that the parties never entered

into a final settlement agreement. In addition, as with the Draft Agreement Claims, venue is not proper in this Court for One-Go's Settlement Agreement Claim.

ARGUMENT

ONE-GO'S CROSS-MOTION TO AMEND SHOULD BE DENIED BECAUSE IT IS FUTILE

While One-Go cites case law emphasizing the Federal Rule's liberal view regarding amendments of complaints, the law is equally clear that a futile motion for leave to amend should not be granted. See Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002) (denial of leave to amend appropriate where it appears that granting leave to amend "is unlikely to be productive"); Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990) ("where, as here, there is no merit in the proposed amendments, leave to amend should be denied"). An amendment is futile if the proposed claims cannot survive a motion to dismiss. Lucente, 310 F.3d at 258. As shown below, One-Go's proposed amended claims are futile and could not survive a motion to dismiss. Accordingly, One-Go's cross-motion for leave to amend should be denied.

    A.    The Southern District Of New York Is Not The Proper Venue For One-Go's Draft Agreement Claims

As established in Jam's motion to dismiss, New York is not the proper forum for One-Go's Draft Agreement Claims because the Draft Agreement upon which those claims are predicated contains a forum selection clause mandating that all disputes be resolved in the Hague, Netherlands. (Moving Br.[1] at 14-15; Granat Aff,[2] Exh. A at Art. 21.) Jam further established that the Second Circuit has a policy of enforcing such forum selection clauses and therefore, that a party seeking to avoid a forum selection clause bears a "heavy burden" of demonstrating that the chosen forum would be unjust or unreasonable. (Id. citing Mercury West

---

[1] Moving Br. refers to Memorandum of Law In Support of Defendant Jam Exhibitions, LLC's Motion to Dismiss Plaintiff One-Go-Events Benelux BV's Complaint.

2

A.G., Inc. v. R.J. Reynolds Tobacco Co., No. 03 Civ. 5262, 2004 WL 421793, *3 (S.D.N.Y. Mar. 5, 2004); Paterson, Zochonis (U.K.) Ltd. v. Compania United Arrows, S.A., 493 F. Supp. 626, 630 (S.D.N.Y. 1980).)

One-Go does not dispute that venue is not proper here. To the contrary, One-Go concedes that it "consented" to the forum selection clause designating the Hague, Netherlands as the exclusive forum for its claims against Jam arising out of the Draft Agreement. (Koster Aff.[3] at ¶ 20.) Based on this admission, One-Go's Draft Agreement Claims cannot survive a motion to dismiss and, therefore, One-Go's motion for leave to amend those claims to add additional factual allegations must be denied. See Amaker v. Haponik, 198 F.R.D. 386, 391 (S.D.N.Y. 2000) ("plaintiff's effort to amend and supplement his complaint is futile because [he] cannot establish that the Southern District of New York is the proper venue for his claims"); Madison v. Alves, No. 05 Civ. 6018, 2006 WL 897816, at *3 (W.D.N.Y. Mar. 27, 2006) (denying motion to amend because venue was not proper).

B.  One-Go's Settlement Agreement Claim Fails To State A Cause of Action

Faced with the inevitable dismissal of its Draft Agreement Claims on improper venue grounds, One-Go now seeks to assert a new claim for breach of a purported settlement agreement allegedly entered into between One-Go and Jam. (Werner Aff.,[4] Exh. B at ¶¶ 57-60; Opp. Br.[5] at 18.) One-Go argues that this new claim is not subject to the forum selection clause that applies to its Draft Agreement Claims and, therefore, that it can be resolved by this Court. (Opp. Br. at

---

[2]  Granat Aff. refers to the Affidavit of Arny Granat, sworn to on November 25, 2007.

[3]  Koster Aff. refers to the Affirmation of Paul Koster, dated December 12, 2007.

[4]  Werner Aff. refers to the Affirmation of Jon Werner In Opposition To Motion To Dismiss And In Support Of Cross-Motion For Leave To Amend Complaint.

[5]  Opp. Br. refers to Memorandum of Law In Opposition To Defendant's Motion To Dismiss And In Support of Plaintiff's Cross-Motion to Amend Complaint.

19.) One-Go should not be permitted to assert its Settlement Agreement Claim because, as demonstrated below, the allegations are insufficient to state a breach of contract claim and because, even without a forum selection clause, New York is not the proper venue to resolve the claim.

One-Go alleges that One-Go and Jam entered into a settlement agreement in June 2007 pursuant to which Jam offered to pay One-Go €450,000.000. (Werner Aff., Exh. B at ¶58.) One-Go further alleges that Jam subsequently breached the supposed settlement agreement by failing to pay One-Go. (Id. at ¶59.) That is the sum total of One-Go's allegations in support of this claim. One-Go's proposed claim fails to allege any of the material terms of the parties' supposed settlement agreement and thus, fails to meet Federal Rule's pleading requirements. Zaro Licensing, Inc. v. Cinmar, inc., 779 F. Supp. 276, 286 (S.D.N.Y. 1991) (to plead a claim for breach of contract, a plaintiff must allege the terms of the contract, the specific provisions that were breached and the damages incurred).

Further, although One-Go provides communications documenting the parties' dealings during the time of the purported settlement agreement, there is no evidence that the parties reached a final settlement agreement. To the contrary, the documentation demonstrates that the parties had not come to a final settlement agreement and that any deal would be contingent on Jam first entering into an agreement with its co-partners. (See Koster Aff. ¶38 ("Mr. Zimmer advised me that Jam could not settle with One-Go-Events until the settlement with Premier and CPI had been finalized"), Exh. O ("the final step is getting Premier to sign the settlement agreement we put forth.") Indeed, in an email dated July 19, 2007 between Jam and Concert Production International ("CPI"), one of Jam's partners, it is clear that a settlement offer, which would include payment to One-Go, had not yet been made to One-Go - - a fact which is

4

completely inconsistent with One-Go's allegation that Jam and One-Go entered into a settlement agreement in June 2007. (Id., Exh. O.) In this instance, the Court can disregard One-Go's settlement agreement allegations because they are directly contradicted by the documentation submitted by One-Go. See Sobek v. Quattrochi, No. 03 Civ. 10219, 2004 WL 2809989, *2 (S.D.N.Y. Dec. 8, 2004) (where allegations are inconsistent with the evidence contained in documents incorporated or referenced, "the documents control, and allegations need not be accepted as true").

Finally, even if One-Go could state a claim against Jam for breach of the purported settlement agreement (which it cannot), New York would not be the proper forum for that claim because, like One-Go's Draft Agreement Claims, the parties and the events bear no connection to New York. Venue in a action where jurisdiction is based on the diversity of the parties, as here, is found only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(a).

Here, One-Go's allegations make plain that venue is not proper in New York. In particular, One-Go alleges that it is a Netherlands corporation with its principle place of business in the Netherlands, that Jam is a limited liability company organized under the laws of Delaware and operating out of Chicago, Illinois, and that the alleged settlement agreement was negotiated and entered into in Saint Petersburg, Russia. (Werner Aff., Exh. A at ¶¶ 1-2; Koster Aff. at ¶ 37.) In short, One-Go's Settlement Agreement Claim bears no connection to New York, much

5

less the connection required by the venue statute. Accordingly, One-Go should not be permitted leave to amend its Complaint to assert its Settlement Agreement claim.

## CONCLUSION

For the foregoing reasons, Jam respectfully requests that the Court deny One-Go's cross-motion to amend its Complaint and grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 3, 2008

                                    DLA PIPER US LLP

                                    By: _____
                                          Megan Shea Harwick

                                    1251 Avenue of the Americas
                                    New York, New York  10020
                                    (212) 335-4500

                                        - and -

                                    William A. Rudnick
                                    230 North LaSalle Street
                                    Suite 1900
                                    Chicago, IL  60601
                                    (312) 368-4000

                                    Attorneys for Jam Exhibitions, LLC